# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR CASTRO,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>A.K. SCRIBNER,<br><br>　　　　　　Respondent. | 1:05-CV-01435 LJO JMD HC<br><br>ORDER DECLINING ISSUANCE OF<br>CERTIFICATE OF APPEALABILITY |

　　　　Petitioner Hector Castro ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On January 22, 2009, the Court denied the petition for writ of habeas corpus. The Court further found that a certificate of appealability was not required pursuant to then existing authority by the United States Court of Appeals for the Ninth Circuit.

　　　　On February 6, 2009, Petitioner appealed the Court's decision to the Ninth Circuit. On May 26, 2010, in accordance with new authority announced *Hayward v. Marshall*, __ F.3d __ (9th Cir. 2010), 2010 WL 1664977, * 3-5, the Ninth Circuit remanded the case back to the Court for the limited purpose of granting or denying a certificate of appealability.

　　　　A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides that a circuit judge or judge may issue a certificate of appealability where "the applicant has made a substantial showing of the denial of a constitutional right." Where the court denies a habeas petition, the court may only issue a

certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 123 S.Ct. at 1034; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 123 S.Ct. at 1040.

Here, the Court finds that reasonable jurists would not disagree with the Court's denial of Petitioner's claim. As enunciated by the Ninth Circuit, the current standard for courts in this circuit is "whether the California judicial decision approving the governor's decision rejecting parole was an "unreasonable application" of the California "some evidence" requirement, or was "based on an unreasonable determination of the facts in light of the evidence." *Hayward*, 2010 WL 1664977 at *11 (quoting 28 U.S.C. § 2254(d)(1) and (2)). Here, the facts of Petitioner's case is identical to the California Supreme Court's decision in *In re Shaputis*, 44 Cal.4th 1241, 1261 (Cal. 2008), in which the California Supreme Court found that the gravity of the commitment offense and Petitioner's lack of insight and failure to take responsibility was sufficient to meet the some evidence standard. Here, as noted in the Magistrate Judge's Findings and Recommendation, the psychological evaluation and the record of the hearing evidence Petitioner's failure to take responsibility and lack of remorse. The Board relied upon those two factors and Petitioner's commitment offense when they found Petitioner unsuitable for parole. Thus, the Court finds that reasonable jurists would not disagree with the finding that there was some evidence in Petitioner's case of his current dangerousness.

Accordingly, the Court DECLINES to issue a certificate of appealability in Petitioner's case.

IT IS SO ORDERED.

**Dated:   May 27, 2010**           /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE